**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**KEVIN BURNS,**

      **Plaintiff,**

**vs.**                                        **Case No. 1:23cv276-RH-MAF**

**DIXIE COUNTY
SHERIFF'S DEPARTMENT,**

      **Defendant.**
**_____/**


## REPORT AND RECOMMENDATION

Plaintiff Kevin Burns, proceeding pro se, initiated this case on

November 16, 2023, by submitting a type-written complaint, ECF No. 1,

which was not on the propr form, did not clearly identify the Defendants,

and did not provide a proper statement of facts.  In addition, Mr. Burns did

not pay the filing fee for this case or file an in forma pauperis motion.  An

Order was entered, ECF No. 3, explaining those deficiencies to Mr. Burns

and establishing January 8, 2024, as his deadline to comply with that Order

if he wanted to proceed with this case.  He subsequently submitted a

document entitled, "Evidence/Information Request."  ECF No. 5.  An Order

was entered on that filing, again advising Mr. Burns of what was required to

continue this case - a proper civil rights complaint and he must either pay

the filing fee or file an in forma pauperis motion.  ECF No. 6.  When he

failed to comply by the January 8, 2024, deadline, a Report and

Recommendation, ECF No. 7, was entered to dismiss this case.

A week later, Mr. Burns submitted an in forma pauperis motion, ECF

No. 9, a motion for an extension of time, ECF No. 10, and a "BA-52 Civil

Rights Complaint," ECF No. 8.  Both motions were granted, the Report and

Recommendation was vacated, and Mr. Burns was required to file a proper

amended complaint in compliance with the prior orders.  ECF No. 11.  He

was provided with another civil rights complaint form to be used by non-

prisoners and given until February 22, 2024, to comply.  *Id.*  He was also

warned that if he did not comply, or file a motion requesting an extension of

time to comply, this case would be dismissed.  *Id.*

As of this date, Mr. Burns has not complied.  He is not incarcerated

and has been provided sufficient opportunity to pursue this case.  Indeed,

one Report and Recommendation has already been vacated.  He has also

been warned in multiple orders that if he did not comply, this case would be

dismissed.  Because Mr. Burns has not complied with those orders, it is

Case No. 1:23cv276-RH-MAF

recommended that this case be dismissed without prejudice for failing to prosecute.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962).  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  As explained above, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2024.


<u> S/    Martin A. Fitzpatrick            </u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 1:23cv276-RH-MAF